IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIE CRAVEN, On Behalf of Herself and All Others Similarly situated, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION H-12-2860 |
| EXCEL STAFFING SERVICE, INC., | § § | |
| Defendant. | § | |

### OPINION AND ORDER

Pending before the Court in the above referenced cause is Plaintiff Christie Craven's Advisory to the Court that Defendant Excel Staffing Service, Inc. has still not obtained counsel.

On January 28, 2012 (instrument #15), United States Magistrate Judge Frances Stacy granted leave for Defendant's prior counsel to withdraw, admonished Defendant that as a corporation it can only appear in federal court through counsel, ordered it to retain counsel within fourteen days, and warned Defendant that failure to do so "may result in a default being entered against Defendant."

In federal court a corporation cannot proceed *pro se*, but must be represented by counsel. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 and n.4 (5th Cir. 2004), *citing Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by counsel"). A court should not dismiss claims with prejudice or strike pleadings simply because the corporation is not represented by an attorney. *Memon*, 385 F.3d at 873-74)

-1-

"'[D]ismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.") *Id.* at 874, *citing Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1981). If the court considers dismissing a case or striking a defendant's pleadings because of a lack of representation by counsel, the court should warn the party that it must retain counsel before turning to such a harsh sanction. *Id.* (and cases cited therein). Even then, perhaps dismissal should be without prejudice to allow the corporation to re-file after acquiring an attorney. *Id.* Some courts in the Fifth Circuit that have ordered the corporate defendant to obtain subsequent counsel, but the defendant failed to do so within a sufficient time, have entered default judgment against the unrepresented corporation. *Adonai Communications, Ltd. v. Awstin Investments, LLC*, Civ. A. No. 3:10-CV-2642-L, 2012 WL 899271, *2 (N.D. Tex. March 16, 2012), *citing PalWeb Corp. v. Vimonta AG*, No. 3:00-CV-1388-P, 2003 WL 21992488, *1 (N.D. Tex. Aug. 19, 2003), and *Mount Vernon Fire Ins. Co. V. Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, *1 (S.D. Tex. Feb. 19, 2009).

   Accordingly, the Court

   ORDERS that Defendant shall obtain counsel and have counsel enter an appearance within thirty days of entry of this order or the Court will enter default judgment against it.

   **SIGNED** at Houston, Texas, this  4th  day of  March , 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE