IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIE CRAVEN, On Behalf of Herself and All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> vs. <br><br> EXCEL STAFFING SERVICE INC., EXCEL STAFFING PROFESSIONAL NURSING, INC., DAVID J. TOLIN, AND FREDERICK TOLIN, <br><br> *Defendants.* | § § § § § § § § § § § § § | NO. 4:12-CV-2860 |

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Excel Staffing Service Inc., Excel Staffing Professional Nursing, Inc., David J. Tolin, and Frederick Tolin ("Defendants") file this Motion to Dismiss Plaintiff's First Amended Complaint in accordance with Federal Rule of Civil Procedure 12(b)(6). On April 30, 2013, named Plaintiff Christie Craven ("Plaintiff") filed her First Amended Complaint ("Complaint," Dkt. #22) asserting a purported collective action on behalf of herself and all others similarly situated for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Based on the lack of factual allegations in the Complaint supporting Plaintiff's claims, Defendants move to dismiss Plaintiff's Complaint as follows.

## SUMMARY OF THE ARGUMENT

Plaintiff makes general allegations in her Complaint that Defendants are covered by the FLSA and failed to properly compensate her for overtime hours she allegedly worked. Plaintiff further attempts to extend these generalized allegations of FLSA violations to an ill-defined class of purportedly similarly situated individuals. However, Plaintiff's claims are built on a faulty

foundation of boilerplate and conclusory allegations that fail to satisfy federal pleading standards. Specifically, Plaintiff has failed to allege any specific facts that, taken as true, show that Defendants are covered under the FLSA. Further, Plaintiff's generic allegations that she worked more than 40 hours per week and was not paid overtime are insufficiently detailed to demonstrate a plausible right to relief. Finally, Plaintiff's conclusory statement that Defendants' actions were "willful" merely recites statutory language without any factual underpinning and accordingly, fails to state a "third year" claim under the FLSA.

The absence of these critical facts renders Plaintiff's Complaint insufficient to state a plausible right to relief on Plaintiff's claims and warrants dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT & AUTHORITIES

### I. THE *TWOMBLY/IQBAL* DISMISSAL STANDARD UNDER RULE 12(b)(6)

Rule 12(b)(6) provides for dismissal when the plaintiff "fail[s] to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (requiring that Rule 12(b)(6) be read in conjunction with Rule 8)).

To state a claim to relief that is plausible on its face, the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "'[A] formulaic recitation of the elements of a cause of action,'" and "'naked assertions'" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Consequently, "the tenet that a court must accept as true all of the allegations contained in

a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions."). Therefore, to survive a motion to dismiss, plaintiffs must allege actual facts that "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief," and the complaint should be dismissed. *Id.*

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT DOES NOT SATISFY THE *TWOMBLY/IQBAL* PLAUSIBILITY STANDARD

### A. Plaintiff Has Not Sufficiently Pled Facts Showing FLSA Coverage

As a threshold matter, Plaintiff's Complaint should be dismissed outright because she has failed to plead facts establishing that FLSA coverage exists in this case. The FLSA applies only to employees "engaged in commerce or in the production of goods for commerce . . . or . . . employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. 207(a)(1); *see also Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) ("The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ('individual coverage') or employed in an enterprise engaged in commerce or in the production of goods for commerce ('enterprise coverage').").

In *Lindgren v. Spears*, the court granted the defendant's Rule 12(b)(6) motion to dismiss the plaintiff's FLSA complaint where the plaintiff's allegations of FLSA coverage "merely repeat[ed] the statutory elements of coverage, which [was] an element of the claim." No. H-10-1929, 2010 U.S. Dist. LEXIS 136491, at *7 (S.D. Tex. Dec. 27, 2010). The court explained that

"[c]onclusory allegations [of FLSA coverage] that do no more than repeat the elements of the claim are insufficient" under the Federal Rules of Civil Procedure and the pleading standards set forth in *Twombly* and *Iqbal*. *See id.* Similarly, in *Payne v. Universal Recovery, Inc.*, the court held that the plaintiff failed to sufficiently plead individual coverage under the FLSA where he alleged that he worked for the defendants as a "repo/driver caller" and that he was "individually engaged in commerce as an employee." *See Payne*, No. 3:11-CV-1672-D, 2011 U.S. Dist. LEXIS 153355, at *12 (N.D. Tex. Dec. 7, 2011), *adopted by* 2012 U.S. Dist. LEXIS 20785 (N.D. Tex. Feb. 17, 2012). The *Payne* court held that "[w]hile the complaint and the attached exhibits describe the nature of [plaintiff's] work, they do not contain any facts showing that he was engaged in interstate commerce. Plaintiff has therefore failed to sufficiently plead individual coverage under the FLSA." *Id.* Likewise, the court held that the plaintiff failed to plead enterprise coverage because he made only conclusory allegations that the defendant "was an enterprise engaged in interstate commerce" and that "Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by [FLSA]." *Id.* at *13. Therefore, the plaintiff's FLSA claims were subject to dismissal under Rule 12(b)(6). *Id.* at *14.

In this case, Plaintiff has not asserted facts relating to individual or enterprise coverage, but has instead resorted to conclusory language of the sort found insufficient in the cases discussed above. Plaintiff's Complaint contains only boilerplate language stating that "Defendants have been, and continue to be, an 'employer' engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203." *Complaint*, Dkt. #22 at ¶ 4.2. Plaintiff further offers the equally conclusory allegations that "[a]t all relevant times, Defendants have been an 'enterprise' engaged in commerce as

defined in 29 U.S.C. § 203," and "Plaintiff and those similarly situated were individually engaged in interstate commerce while performing their job duties for Defendants." *Id.* at ¶¶ 4.4, 4.5. These allegations merely parrot the statutory text for individual and enterprise coverage and contain no facts giving rise to a reasonable inference that Defendant or Plaintiff were engaged in commerce or in the production of goods for commerce. *See Payne*, 2011 U.S. Dist. LEXIS, at *11 ("To sufficiently plead individual coverage, Plaintiff must allege facts giving rise to a reasonable inference that [he was] engaged in commerce or in the production of goods for commerce."); *see also* 29 U.S.C. § 207(a)(1). Given the absence of any facts to support her conclusory allegations, Plaintiff has failed to plead coverage under the FLSA, and her Complaint should be dismissed.

### B. Plaintiff's Complaint Fails to State a Facially Plausible Claim for Overtime Wages

In addition, Plaintiff's Complaint should be dismissed because Plaintiff has not provided sufficient factual support for her allegations that Defendant violated the FLSA. Plaintiff alleges only that she and others similarly situated persons "normally work in excess of forty hours per week" and "routinely worked well in excess of forty hours per week," but that "they were not compensated for overtime hours at one and one-half times their appropriate regular rate" and were not "pa[id] proper overtime compensation for all hours worked beyond 40 in a week." *Complaint*, Dkt. #22 at ¶¶ 6.18, 6.19, 7.3, 8.5.

However, Plaintiff's unadorned accusations that she worked "well in excess" of forty hours per week and that Defendants did not pay her overtime compensation as required by the FLSA are the very type of threadbare allegations disavowed by *Iqbal*. *See Iqbal*, 556 U.S. at 678. Indeed, federal courts across the country have recognized that "simply stating that a plaintiff was not paid for overtime work does not sufficiently allege a violation of Section 7 of

the FLSA." *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (granting motion to dismiss FLSA overtime claim where plaintiff "merely alleged that he worked 'beyond 40 hours per week'" for failure to adequately plead damages element); *see also Landers v. Quality Commc'ns, Inc.*, No. 2:11-CV-1928 JCM (RJJ), 2012 U.S. Dist. LEXIS 48794, at *3 (D. Nev. Apr. 6, 2012) (dismissing plaintiff's complaint for insufficient facts where plaintiff alleged he "was not paid time and one-half his hourly rate for work he performed in excess of 40 hours a week"); *Mell v. GNC Corp.*, No. 10-945, 2010 U.S. Dist. LEXIS 118938, at *1, 8 (W.D. Pa. Nov. 9, 2010) (concluding that plaintiffs failed to plead facts sufficient to meet all the elements necessary to state an FLSA overtime claim where plaintiffs merely alleged that "[t]hey each worked more than 40 hours a week and were entitled to overtime salary because their positions were classified as non-exempt"); *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102-03 (S.D. Iowa 2008) (holding the following allegations were too conclusory to satisfy the *Twombly* pleading standard: "Plaintiffs and other assistant managers regularly worked regular time and overtime each week but were not paid regular and overtime wages in violation of the FLSA").

Likewise, Plaintiff's Complaint "does not make any factual allegations providing an approximation of the overtime hours worked, plaintiff's hourly wage, or the amount of unpaid overtime wages." *See Landers*, 2012 U.S. Dist. LEXIS 48794, at *3 (finding FLSA complaint insufficient for failing to include these facts). In order to survive a motion to dismiss, a plaintiff alleging violations of the FLSA's overtime wage provisions "should, at least approximately, allege the hours worked for which these wages were not received." *Zhong*, 498 F. Supp. 2d at 628. Here, Plaintiff merely asserts that she worked "well in excess" of forty hours per week, and was not properly compensated. *Complaint*, Dkt. #22 at ¶¶ 6.19, 8.5. Because Plaintiff has merely recited the elements of a claim for overtime pay, these allegations are not entitled to a

presumption of truth and are insufficient to state a plausible claim under the FLSA. *See Lagos v. Monster Painting, Inc.*, No. 2:11-CV-00331-LRH-GWF, 2011 U.S. Dist. LEXIS 149522, at *5-6 (D. Nev. Dec. 29, 2011) (granting motion to dismiss where "Plaintiffs' complaint contains no factual allegations that would provide even an approximation of the overtime hours worked, the regular hourly or weekly wage, or the amount of unpaid overtime wages.").

For these reasons, Plaintiff's Complaint fails to adequately plead a claim for unpaid overtime or any other violation of the FLSA, and the Court should dismiss Plaintiff's Complaint.

### C. Plaintiff Has Inadequately Pled a Willful Violation of the FLSA and Is Therefore Not Entitled to a Three-Year Statute of Limitations

Even assuming, *arguendo*, that Plaintiff's FLSA claims were sufficiently plead—and they are not—Plaintiff has further failed to plead a "willful" violation of the FLSA. Accordingly, Plaintiff's "third-year" FLSA claims should be dismissed. Claims under the FLSA must be filed within two years after the cause of action accrues or within three years if the alleged violation was "willful"—that is, if the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (interpreting the word "willful" as used in 29 U.S.C. § 255(a)). "To state a claim for a willful violation of the FLSA, more than an ordinary violation must be alleged." *Mitchell v. C&S Wholesale Grocers, Inc.*, CA No. 10-2354, 2010 U.S. Dist. LEXIS 68269, at *12 (D.N.J. July 8, 2010) (citing *Fraiser v. Gen. Electric Co.*, 930 F.2d 1004, 1009 (2d Cir. 1991), and *Ikossi-Anastasiou v. Bd. of Supervisors of La. State. Univ.*, 579 F.3d 546, 553 (5th Cir. 2009)).

"Thus, in accordance with *Iqbal*, it is insufficient to merely assert that the employer's conduct was willful; the Court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation." *Mitchell*, 2010 U.S. Dist.

LEXIS, at *12. To plead a facially-plausible "third-year" FLSA claim, Plaintiff must allege "enough factual matter (taken as true) to suggest that" Defendants knew their alleged conduct was prohibited by the FLSA, or exhibited reckless disregard with respect thereto. *See Twombly*, 550 U.S. at 556 ("Asking for plausible grounds to infer [an illegal act] . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [of the illegal act].").

Here, Plaintiff alleges that Defendants "willfully committed widespread violations of the FLSA" by failing to pay overtime and "knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation." *Complaint*, Dkt. #22 at ¶¶ 1.3, 6.22. These "allegations"—which are nothing more than legal conclusions based on the statutory language of 29 U.S.C. § 255(a)—are precisely the type of "threadbare recitals" that federal courts find insufficient in the wake of *Twombly* and *Iqbal*. *See Mitchell*, 2010 U.S. Dist. LEXIS, at *12 (instructing that after *Iqbal*, it is insufficient to merely assert that the employer's conduct was willful). For instance, in *Mell v. GNC Corp.*, the plaintiffs' complaint merely alleged that the defendants' actions in allegedly denying overtime pay were "knowing" and "willful." 2010 U.S. Dist. LEXIS 118938, at *25. The *Mell* court found these allegations were inadequate for the court to reasonably infer that the defendant willfully violated the FLSA under the heightened-pleading standard established in *Iqbal*: "[W]e find the allegations that Defendants' actions were 'knowing' and 'willful' are inadequately pled . . . [because] there are no factual allegations which would support a claim that the violations were willful, for example, reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored." *Id.* at *25-26 (dismissing complaint with prejudice).

The same is true here. Plaintiff has not alleged any underlying facts from which this Court could reasonably infer that Defendants willfully violated the FLSA. Accordingly, Plaintiff's "third-year" FLSA claims should be dismissed.

### III. ALTERNATIVELY, THE COURT SHOULD ORDER PLAINTIFF TO REPLEAD

As demonstrated above, Plaintiff has failed to provide sufficient factual support for her claims against Defendants. If the Complaint is not dismissed, however, Defendants alternatively request that the Court order Plaintiff to plead more definite allegations so that Defendants can properly prepare a responsive pleading. *See* FED. R. CIV. P. 12(e).

### CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss, dismiss Plaintiff's claims, and grant Defendants all other and further relief, at law or in equity, to which they show themselves to be justly entitled.

Dated May 28, 2013                                    Respectfully submitted,

/s/ *Yvette V. Gatling*
Yvette V. Gatling (Attorney-in-Charge)
State Bar No. 24007231
Fed. I.D. No. 24321
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
ygatling@littler.com

Of Counsel:

April N. Love
State Bar No. 24076879
S.D. Tex. No. 1144568
alove@littler.com; and
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

ATTORNEYS FOR DEFENDANTS
EXCEL STAFFING SERVICE INC., EXCEL STAFFING PROFESSIONAL NURSING, INC., DAVID J. TOLIN, AND FREDERICK TOLIN

## CERTIFICATE OF SERVICE

I certify that on May 28, 2013, I served the following document upon counsel of record through the Court's electronic filing system addressed as follows:

David G. Langenfeld
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701

/s/ *Yvette V. Gatling*